HARTZ, Circuit Judge,
concurring in part and dissenting in part:
I would grant panel rehearing and vacate the judgment below. I join all the revised opinion except footnote 4 and part II B. Although I do not join the footnote, I agree with our denial of the untimely motion to intervene. I respectfully dissent from part II B.
On reconsideration, I believe two factors argue strongly in favor of vacating the district-court judgment. OXY’s voluntary action that mooted the case was obviously not motivated by the pendency of this litigation, and OXY argued against mootness. See Alvarez v. Smith, 558 U.S. 87, 130 S.Ct. 576, 175 L.Ed.2d 447 (2009). I see no equitable reason to blame OXY for depriving the plaintiffs of their victory in district court. After all, we have ruled (by dismissing the case as moot) that OXY has no further stake in this litigation. If plaintiffs, who raised the mootness issue, want *1129 ed to preserve their legal victory concerning interpretation of their contracts, they should have been the ones to seek to substitute OXY’s successor (now the real party in interest) as the defendant. See Fed. R.App. P. 43(a)(1), (b) (any party can file motion to substitute); Maier v. Lucent Techs., Inc., 120 F.3d 730, 732 n. 1 (7th Cir.1997) (substitution of parties is appropriate “when a party transfers its interest in the company or property involved in the suit.”) Then the successor could determine whether it wished to continue with the appeal. Yet when the successor moved to intervene, plaintiffs opposed the motion. If there is any inequitable conduct here, it is the strategy of plaintiffs, who wished to prevent any appeal of the judgment in its favor by arguing mootness but opposing intervention.